Filed 12/15/25

CERTIFIED FOR PUBLICATION


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----


| | |
|---|---|
| SCOT BERNSTEIN,<br><br>　　　　Plaintiff, Cross-defendant and Respondent,<br><br>　　　v.<br><br>TIM SEBRING,<br><br>　　　　Defendant, Cross-complainant and Appellant. | C098443<br><br>(Super. Ct. No. PC20180264) |


APPEAL from a judgment of the Superior Court of El Dorado County, Michael J. McLaughlin, Judge. Affirmed.

Thomas & Associates and Michael W. Thomas for Defendant, Cross-complainant and Appellant.

Quinn Covarrubias and George E. Murphy for Plaintiff, Cross-defendant and Respondent.

1

This case proves easements, unlike fences, do not make good neighbors. This appeal is from the second suit between plaintiff Scot Bernstein and defendant Tim Sebring involving a road easement with a gravel road on plaintiff's property that defendant uses as a driveway to access his property. The parties settled the first case, which involved defendant clearing trees and performing other construction on the easement without plaintiff's permission. Plaintiff subsequently filed this suit seeking to prohibit defendant from paving the easement's gravel road. The trial court denied defendant's motion for judgment on the pleadings in this case and then, after a court trial, found in favor of plaintiff. Defendant appeals, alleging the second action constituted an improper splitting of actions and asserting his easement right includes the right to pave the easement's gravel road. We affirm.

FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff and defendant own adjoining properties within the same subdivision. Defendant's property has an easement on plaintiff's property for ingress/egress that includes portions of a paved road going through the subdivision over plaintiff's property and a 244.5 foot "[g]ravel/[d]irt [r]oadway" splitting off the paved road used as a driveway for defendant's property.

In the first case, initiated in 2014, plaintiff's complaint against defendant and other parties alleged defendant hired a construction company to enter plaintiff's property without plaintiff's permission "and perform[] excavation, perform[] construction, cut down trees and remove[] the fallen wood, cut down landscape and other natural features, and use[] [plaintiff's] native stone to construct a rock wall on [plaintiff's property]." After a partial settlement between the parties, the trial court entered judgment in October 2018.

In May 2018, while the first case was pending, plaintiff filed another complaint against defendant for declaratory relief and a permanent injunction. This complaint alleged defendant informed plaintiff he intended to "immediately pave the [g]ravel/[d]irt

2

[r]oadway, including the areas that are located on [plaintiff's property]" even though the "paving of the [g]ravel/[d]irt [r]oadway on [plaintiff's property] is not necessary for the use of the [g]ravel/[d]irt [r]oadway to travel to and from [defendant's property]."

Defendant filed a motion for judgment on the pleadings in January 2019, arguing the complaint constitutes an improper splitting of actions, is uncertain under the Rules of Court, and fails to allege facts sufficient to state a cause of action because "[a] 'road' includes, by definition, a paved surface."

The trial court denied the motion in February 2019. In a written order, the trial court rejected defendant's pleading sufficient facts argument because it "raises factual issues not amenable to determination on a motion for judgment on the pleadings." The court also rejected defendant's assertion the complaint violates court rules by being uncertain, finding the "complaint sets forth the facts with sufficient precision." Finally, the court found the complaint did not violate the rule against splitting a cause of action because "there was no mention of [defendant] paving the easement in [plaintiff's] earlier complaint. The amended judgment to the prior action acknowledged a nonexclusive easement, but did not specify the scope of the easement; that is, what construction or improvements, if any, [defendant] was permitted to do within the portion of the easement at issue. This action involves [plaintiff's] request for declaratory relief because he alleges [defendant] intends to, but has not yet, paved the easement."

After a court trial on the merits in June 2022, the trial court found in favor of plaintiff. On the paving issue, the trial court found the evidence at trial established "paving the driveway is not reasonably necessary to make it available for safe and convenient vehicular travel." Thus, the trial court "enjoined [defendant] from paving the driveway."

Defendant appeals.

DISCUSSION

I

*Plaintiff's Complaint Is Not A Splitting Of Actions*

Defendant first asserts the trial court erred by finding plaintiff's complaint did not improperly split actions. Defendant argues, "The primary right being litigated [in both cases is] the scope of the road easement and the secondary easement rights." (Underscoring omitted.) Thus, defendant argues plaintiff's second action is barred because it "arose out of the same facts and primary rights as the 2014 [c]omplaint." (Underscoring omitted.) We disagree.

When reviewing a motion for judgment on the pleadings, "we independently determine whether, on the state of the pleadings and any matters that may be judicially noticed, it appears the [defendant] was entitled to judgment as a matter of law." (*Ventura Coastal, LLC v. Occupational Safety & Health Appeals Bd.* (2020) 58 Cal.App.5th 1, 14.)

The primary right theory " 'provides that a "cause of action" is comprised of a "primary right" of the plaintiff, a corresponding "primary duty" of the defendant, and a wrongful act by the defendant constituting a breach of that duty. [Citation.] The most salient characteristic of a primary right is that it is indivisible: the violation of a single primary right gives rise to but a single cause of action.' " (*Mycogen Corp. v. Monsanto Co.* (2002) 28 Cal.4th 888, 904.) " '[T]he "cause of action" is based upon the harm suffered, as opposed to the particular theory asserted by the litigant. . . . Even where there are multiple legal theories upon which recovery might be predicated, *one injury* gives rise to only one claim for relief.' " (*Bay Cities Paving & Grading, Inc. v. Lawyers' Mutual Ins. Co.* (1993) 5 Cal.4th 854, 860.)

" 'The primary right theory has a fairly narrow field of application.' " (*Duncan v. Kihagi* (2023) 96 Cal.App.5th 703, 709.) The theory is invoked when a plaintiff attempts to enforce one primary right in two suits, and if the first suit has terminated, " 'the

4

defendant in the second suit may set up that judgment as a bar under the principles of res judicata.' " (*Ibid*.)

The first case involved plaintiff's allegation defendant was cutting down trees and building a rock wall on the easement.  Plaintiff's second suit involved defendant threatening to pave the road on the easement after the first action was initiated.  Though involving " 'the same general subject matter,' " e.g., plaintiff's property rights in relation to defendant's easement, the actions are "distinct episodes" of defendant's purported violation of plaintiff's property right, establishing a valid second cause of action. (*Planning & Conservation League v. Castaic Lake Water Agency* (2009) 180 Cal.App.4th 210, 228.)  Finding otherwise could bar plaintiff from bringing any future suits involving the easement even if defendant threatens new types of harm to plaintiff's property rights. This cannot be.  (See *id*. at p. 227 [res judicata "may not apply when 'there are changed conditions and new facts [that] were not in existence at the time the action was filed upon which the prior judgment is based' "].)  We consequently conclude the trial court did not err in denying the motion for judgment on the pleadings on this basis.

II

*Defendant's Easement Right Does Not Include*

*The Right To Pave As A Matter Of Law*

Defendant makes two more arguments that are related.  The first argument is under a subheading to his splitting of actions section, titled:  "The 2018 Complaint Failed to Allege Facts Sufficient to State a Cause of Action."  (Boldface omitted.)  Defendant argues here:  "A 'road' includes, by definition, a paved surface.  As a matter of law, the paving of [defendant's] road easement is within the express scope of the easement and [plaintiff] therefore failed to state a cause of action."  The second argument is under its own heading in defendant's brief, titled:  "The Scope of the Road Easement."  (Boldface & some capitalization omitted.)  Here defendant contends the trial court applied an incorrect " 'necessity' " standard for improvement of an easement.  Defendant asserts the

5

correct standard is whether the improvement is "necessary for convenience, not necessary for actual use," which paving the easement's gravel road satisfies. We understand both arguments as asserting defendant's easement right necessarily includes the right to pave the gravel road. We disagree.

" 'Every easement includes what are termed "secondary easements;" that is, the right to do such things as are necessary for the full enjoyment of the easement itself.' " (*Dolnikov v. Ekizian* (2013) 222 Cal.App.4th 419, 428.) This can include "the right to make 'repairs, renewals and replacements on the property that is servient to the easement' [citation] 'and to do such things as are necessary to the exercise of the right' [citation]. . . . A right-of-way to pass over the land of another carries with it 'the implied right . . . to make such changes in the surface of the land as are necessary to make it available for travel in a convenient manner.' " (*Ibid*.) But these "[i]ncidental or secondary easement rights are limited by a rule of reason. . . . '[T]here are no absolute rules of conduct. The responsibility of each party to the other and the "reasonableness" of use of the property depends on the nature of the easement, its method of creation, and the facts and circumstances surrounding the transaction.' " (*Id*. at pp. 428-429.)

We reject defendant's assertion his road easement includes the secondary right to pave the gravel road as a matter of law. The rule of reason applied to secondary rights depends on the reasonableness of the use of the easement, and "[g]iven that reasonableness depends on the facts and circumstances of each case, '[w]hether a particular use of the land by the servient owner . . . is an unreasonable interference is a question of fact for the [fact finder].' " (*Dolnikov v. Ekizian*, *supra*, 222 Cal.App.4th at p. 430; see *id*. at pp. 428-429.) Defendant presents no law this is different for a road easement. Defendant instead relies on a dictionary to argue "[b]y definition, a 'road' includes a paved surface." This rests on a logical fallacy; because a road can be paved does not necessarily mean all roads are paved. Declaring all road easements necessarily include the right to pave would also directly contradict established law that the scope of

6

secondary easement rights depends on the circumstances of each easement. Defendant's easement rights specifically may include the secondary right to pave the gravel road, but this would require investigating whether the trial court's factual finding lacked substantial evidence, and defendant does not make such a challenge on appeal.

We also conclude there was no error with the trial court's legal analyses. First, in the motion for judgment on the pleadings, the trial court found defendant's argument on this issue "raise[d] factual issues not amenable to determination on a motion for judgment on the pleadings." For the reasons stated above, we agree. Second, at trial, the court found the evidence at trial established "paving the driveway is not reasonably necessary to make it available for safe and convenient vehicular travel." This is the correct standard. (See *Dolnikov v. Ekizian*, *supra*, 222 Cal.App.4th at p. 428, citing *Ballard v. Titus* (1910) 157 Cal. 673, 681 ["the implied right . . . to make such changes in the surface of the land as are necessary to make it available for travel in a convenient manner"].) Defendant misconstrues the standard when he argues: "There can be little doubt, and the evidence at trial showed, travel over a paved surface is more convenient than a dirt or gravel surface." Whether one improvement is more convenient than another is the wrong analysis. What matters is whether the proposed improvement is necessary for the convenient use of the easement. Based on the evidence presented at trial, the trial court found: "[P]aving the driveway is not reasonably necessary to make [the easement] available for safe and convenient vehicular travel." And again, defendant does not challenge the trial court's factual finding. We therefore conclude defendant has not established the trial court erred.

DISPOSITION

The order of the trial court is affirmed.  Plaintiff shall recover his costs on appeal. (Cal. Rules of Court, rule 8.278(a)(1)-(2).)


/s/_____
ROBIE, J.


We concur:


/s/_____
HULL, Acting P. J.


/s/_____
FEINBERG, J.

8